**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **LAGALE S. BROWN**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 21-4959-KSM** |
| **DELAWARE COUNTY COURTHOUSE ROOM 6**, *et al.,* | |
| Defendants. | |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                            **August 14, 2023**

Presently before the Court is Lagale S. Brown's *pro se* petition seeking the issuance of a writ of habeas corpus (Doc. No. 1) under 28 U.S.C. § 2241.  The Court referred Brown's petition to United States Magistrate Judge Elizabeth T. Hey, who issued a Report and Recommendation ("R&R") advising the Court that Brown's petition should be denied.  (Doc. No. 13.)  Brown subsequently filed objections to the R&R (Doc. No. 14) and a "Motion to Alter Judgment" (Doc. No. 15).  For the following reasons, the Court concludes that Judge Hey did not err in her findings and conclusions and adopts the R&R in its entirety.  The Court also denies Brown's motion.

## I.      BACKGROUND

On July 1, 2020, Brown was arrested in Delaware County, Pennsylvania for simple assault, aggravated assault, resisting arrest, physical harassment, and disorderly conduct.  *See Commonwealth v. Brown*, CP-23-CR-0002044-2021, Criminal Docket (Del. Ct. Com. Pl.), at 3 ("Brown Docket").[1]  Almost a year later, on June 2, 2021, the Delaware County District Attorney's

---

[1] The Court takes judicial notice of Brown's state court docket, which is on the Unified Judicial System of Pennsylvania website.  *See* The Unified Judicial System of Pennsylvania Web Portal, *Case Information -*

Office filed an Information on those charges, which formally initiated criminal proceedings against Brown. *See id.* at 4.  James Brose, Esq. was appointed as Brown's counsel on July 7, 2021.  *See id.* at 5.  On September 23, 2021, and November 29, 2021, the Honorable Mary Alice Brennan ordered Brown to undergo psychological evaluations.  *See id.* at 5, 6.  On December 22, 2021, the Commonwealth filed a "Petition for Involuntary Commitment Due to Incompetence."  *See id.* at 6.  Following a hearing, the Honorable James P. Bradley granted the Commonwealth's petition on January 18, 2022.  *See id.*  Thereafter, on February 9, 2022, Judge Bradley ordered Brown to undergo a neuropsychological evaluation.  *See id.* at 7.  And on March 22, May 24, and June 15, 2022, Judge Bradley issued orders "recommitting" Brown to Norristown State Hospital ("NSH") "for Further Treatment and Evaluation."[2]  *Id.* at 7–8.

On July 28, 2022, Judge Bradley issued an order that stated Brown was "Competent to proceed in this matter," and directed that Brown's "402 Commitment to NSH" be vacated.[3]  *Id.* at

---

*Case Search,* "Lagale Brown," https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-23-CR-0002044-2021&dnh=xfkmNpol%2BceF2NtzyZ3Uzg%3D%3D (last visited January 25, 2023).  Ordinarily, a habeas court's review of the state court record is "indispensable" to its determination of whether relief should be granted.  *Townsend v. Sain*, 372 U.S. 293, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) ("A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record.").  But Judge Hey did not order the state court record for Brown's case because Brown's criminal proceedings are still pending.  (Doc. No. 13 at 2 ("Because Brown's case is active in state court, I have not ordered the state court record.").)  Upon reviewing Judge Hey's R&R, as well as Brown's submissions, the Court is satisfied that there is no basis for ordering "the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents" to assist in its disposition of Brown's petition.  *See Townsend*, 372 U.S. at 319.

[2] The docket does not indicate when Brown was first committed to NSH, but the Court assumes that Brown entered the facility sometime after the Commonwealth's Petition for Involuntary Commitment was granted on January 18, 2022.  NSH is described on the Pennsylvania Department of Human Services' website as "a long-term psychiatric facility that is Medicare and Medicaid certified.  The hospital provides treatment for patients with severe and persistent mental illness."  *See* Department of Human Services, *Services – Assistance – Norristown State Hospital*, https://www.dhs.pa.gov/Services/Assistance/Pages/Norristown-State-Hospital.aspx (last visited January 25, 2023).

[3] It is unclear from the state court docket what, exactly, precipitated this decision.  It appears that on July 19, 2022, the court ordered a status hearing to be set for July 26, 2022.  *See* Brown Docket at 9.  Also on

9.  The last entry on the docket was issued on November 1, 2022, ordering Brown to "comply w/any/all clinical and medications by her psychiatrist and treatment team." *Id.* at 10.  At present, Brown's matter is still listed as "Active" on the Unified Judicial System of Pennsylvania website, although no action has been taken in her underlying criminal case in almost a year.  (*See generally* Brown Docket.)

Brown filed this petition on November 8, 2021, challenging her pretrial detention following her arrest in Delaware County.[4]  (Doc. No. 1 at 2, ¶ 5.)  On January 6, 2022, the Court directed Brown to either submit the required $5 filing fee or file a properly certified application to proceed *in forma pauperis*.  (Doc. No. 3.)  The Court gave Brown another chance to submit these materials on February 23, 2022.  (Doc. No. 4.)  After Brown failed to respond, the Court dismissed this matter without prejudice on May 9, 2022.  (Doc. No. 5.)

---

July 19, 2022, the court ordered Brown to be transported "from NSH to GWHCF [George W. Hill Correctional Facility] on Wednesday, July 27, 2022." *Id.* Those are the only docket entries that appear before the court vacated its commitment order on July 28, 2022.

[4] Section 2241, the statute under which Brown brings this petition, "authorizes a federal court to issue a writ of habeas corpus to any *pretrial detainee* who is in custody in violation of the Constitution or laws or treaties of the United States." *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (emphasis added) (citing *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). The petitioner must be "in custody" when the petition is filed.  28 U.S.C. § 2254(a).  For purposes of habeas jurisdiction, "a petitioner is 'in custody' if he or she files while subject to significant restraints on liberty that are not otherwise experienced by the general public." *See Piasecki v. Ct. of Common Pleas, Bucks Cnty.*, 917 F.3d 161, 166 (3d Cir. 2019).  A petitioner need not be physically confined to meet the "custody" requirement; if petitioner is subject to restrictions of probation, parole, bail—and even community service—he or she will satisfy the custody rule. *See id.*  As Judge Hey noted, "the Magisterial District Docket indicates that Brown was released on bail on July 1, 2020."  (Doc. No. 13 at 2 n.3.)  And although Brown was committed to a mental health facility intermittently throughout 2022, her criminal docket indicates that she was ultimately released, and her bail conditions were modified in July 2022 and November 2022.  (*See* Brown Docket at 9–10.)  Thus, although Brown's filings in this habeas matter appear to be mailed from a private address, "[a]t the time she filed the petition, Brown was awaiting trial on criminal charges, required to appear for court whenever scheduled, was subsequently involuntarily committed, again released on bail once she was found competent to proceed, and most recently ordered to comply with the treatment and medication provided by her psychiatric treatment team."  (Doc. No. 13 at 3–4 n.4.)  The Court agrees with Judge Hey that Brown likely meets the custody requirement for challenging her pretrial detention because "[s]uch restraints are not shared by the general public and establish ongoing governmental supervision."  (*Id.*)

On December 14, 2022, over a year after her petition was first filed, Brown paid the $5 filing fee and submitted a "Motion to Proceed with the Writ of Habeas Corpus." (Doc. No. 7.) Brown also submitted several letters and emails to the Court regarding her renewed petition. (*See* Doc. Nos. 8, 9, 10.) The Court granted Brown's motion on December 22, 2022, and referred Brown's petition to the Honorable Elizabeth T. Hey, United States Magistrate Judge, for an R&R. (Doc. No. 11.) On January 9, 2023, Judge Hey issued her R&R, which concluded that Brown's petition should be dismissed with prejudice and a certificate of appealability should not issue.[5] (Doc. No. 13.) On January 24, 2023, Brown filed objections to the R&R. (Doc. No. 14.)[6] Also on January 24, 2023, Brown filed a "Motion to Alter Judgment"[7] (Doc. No. 15), which she claims contains "additional information in support of the Habeas Corpus dated 11/8/2021, resubmitted on 12/14/2022." (*Id.* at 1.)

## II.     REPORT AND RECOMMENDATION REVIEW

### A.     Legal Standard

"In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation." *Piasecki*, 2021 WL 1105338, at

---

[5] Judge Hey did not order a response from the named respondent because she recommended that the petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (Doc. No. 13 at 1). *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *see also* Rule 5(a), Rules Governing Section 2254 ("The respondent is not required to answer the petition unless a judge so orders.").

[6] Brown's objections were due 14 days after the R&R was filed, on January 23, 2024. (*See* Doc. No. 13-2 (notifying Petitioner of her right to file objections to the R&R within 14 days of service, and that if she failed to timely file objections, she would be precluded from challenging the factual and legal findings in the R&R on appeal).). Brown's filing on January 24, 2023 was one day late. (Doc. No. 14.) Nevertheless, the Court excuses the lateness of her filing due to her status as a *pro se* litigant. *See Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 244 (3d Cir. 2013).

[7] Brown's motion is presumably brought under Federal Rule of Civil Procedure 59(e), which specifically governs "Motions to Alter or Amend a Judgment." *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("Rule 59(e) allows a [habeas] litigant to file a 'motion to alter or amend a judgment.").

*3.  Under that Rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." *Id.* (quoting *Savior v. Superintendent of Huntingdon SCI*, No. 11-cv-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012)).

When a party objects to a magistrate judge's findings, the district court must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673 (1980). "Ultimate adjudicatory power" resides with the district court "after receiving assistance from and the recommendation of the magistrate." *Raddatz*, 447 U.S. at 692. And after reviewing the magistrate judge's conclusions, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations" and "receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1); *Raddatz*, 447 U.S. at 673–74. But "[o]bjections [that] merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." *Gray v. Delbiaso*, Civil Action No. 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017); *see also Prout v. Giroux*, Civil Action No. 14-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016) ("Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled."). Also, where a petitioner fails to "identify with specificity any legal or factual errors in the R&R" the R&R is reviewed for clear error. *Lee v. Houtzdale SCI*, 798 F.3d 159, 162 (3d Cir. 2015); *see also Kennedy v. Borough of Minersville*, No. 3:19-CV-0124, 2019 WL 4316218, at *1 (M.D. Pa. Sept. 11, 2019) ("In particular, Plaintiff does not take issue with the substance of any of the Magistrate Judge's conclusions and/or recommendations. As such, the Report and Recommendation is reviewed for clear error, and

finding none, it will be adopted."); *Guzman v. Rozum*, No. CV 13-7083, 2017 WL 1344391, at *9 (E.D. Pa. Apr. 12, 2017) (explaining that "federal district courts are not required to engage in de novo review of objections to a Magistrate's R&R that lack specificity").

### B.    Brown's Objections

Upon reviewing Brown's habeas petition, Judge Hey recommended that Brown's petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[8] which authorizes the summary dismissal of a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"  (Doc. No. 13 at 4 (quoting Rule 4, Rules Governing Section 2254 Cases).)  *See also Craig v. Rozum*, Civil Action No. 07-5490, 2008 WL 920346, at *2 (E.D. Pa. Apr. 2, 2008) ("The plain language of the rule thus makes clear that where the petition is frivolous on its face, it should be dismissed without ordering the respondent to answer."). She concluded that "Brown's claims are indecipherable and, even when construed broadly, the claims are frivolous."  (Doc. No. 13 at 5.)  Brown's objections to Judge Hey's R&R are similarly difficult to discern:

> This [objection] is being requested to protect the Pro Se's Constitutional and Civil Rights; as well as to prepare Motions to answer the Judge's question regarding arrest in concert with arrest in Delaware County, on July 1, 2020 that was errorously [sic] cited as 6/2/2020.  Moreover, the rational to proceed with an Objection is base [sic] upon the falsification of documents on 10/15/2020/1, which was cited as a Contempt of Court charge which lead to an errorous [sic] arrest on 11/23/2021.

> The Court of Common Plea [sic] of Delaware County had no reason to have the Sheriff issue a post card for an arrest, which should be heard by US District Court in Eastern Pa. US District Court of Eastern Pa did not Recover All Writs, nor did the court sequester Pro Se's Constitutional Rights violated by other [sic] for Civil Complaints dating back to 3/11/2018 about criminal matters, that forced her to contact other Executive Agencies to prosecute

---

[8] *See McCoy v. Miner*, 245 F. App'x 194, 196 n.1 (3d Cir. 2007) (explaining that the Rules Governing Section 2254 Cases "may be applied to § 2241 petitions").

> criminals.   Lastly this reason is based upon Fourth and Fifth
> Amendment Rights violations of the constitution which lead to
> unconscionable actions by government agencies employees which
> violated Clayton, Sherman, and other trade agreements of United
> States.

(Doc. No. 14 at 1.)  From this, the Court has identified six discrete bases for Brown's objections, which it addresses below.

As an initial matter, Brown raises several new claims in her objections to the R&R that were not raised in her original petition.  Even assuming that these claims are cognizable bases for federal habeas relief, the Court is unable to address any claims that are raised for the first time in objections to an R&R.  *See Kightlinger v. Pennsylvania*, No. 11-936, 2013 WL 4504382, at *2 (W.D. Pa. Aug. 22, 2013) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")).  If a petitioner could raise new claims in objections to a magistrate judge's R&R, "it would reduce the proceedings before the magistrate judge to a mere dress rehearsal, which is contrary to the very reason for having magistrate judges."  *Id.*; *see also Coker v. Delbaso*, No. 2:18-CV-3385, 2020 WL 1816084, at *11 (E.D. Pa. Apr. 10, 2020) ("The allegations put forward in Coker's objections to the R&R as to claim six were never raised in his habeas petition. Additionally, they do not even attempt to address what is legally incorrect with Judge Hey's findings as to this claim."); *Adkins v. Wetzel*, No. 13-3652, 2014 WL 4088482, at *3 (E.D. Pa. Aug. 18, 2014) ("[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."). With this general principle in mind, the Court proceeds with its evaluation of Brown's objections:

*Objection 1:*   According to Brown, Judge Hey erroneously cited the date of Brown's arrest in her R&R as "6/2/20." (Doc. No. 14 at 1.)  But Judge Hey does not mention the date of Brown's

arrest in her R&R or make any reference to events occurring on June 2, 2020. (*See generally* Doc. No. 13). Judge Hey does, however, state that an information was filed against Brown on June 2, 2021. (*See id*. at 2). To the extent that Brown is objecting to Judge Hey's recitation of this date, Brown's objection is overruled, as the date is correctly cited.[9]

    *Objection 2:*    Brown asserts that documents pertaining to her arrest were falsified on "10/15/2020/1."[10] (Doc. No. 14 at 1.) In her R&R, Judge Hey does not reference any event that occurred or document that was drafted (falsely, or otherwise) in October of 2020 or 2021.[11] (*See generally* Doc. No. 13.) Further, Brown's original habeas petition does not allege any claims for relief in relation to events occurring in October of 2020 or 2021 (*see generally* Doc. No. 1); to the extent she attempts to raise a new claim regarding falsification of documents here, she is unable to do so. *See supra.* This objection is overruled.

    *Objection 3:*    Brown claims she was falsely arrested for contempt of court on November 23, 2021. (Doc. No. 14 at 1.) But Judge Hey did not make any reference to an arrest occurring on

---

[9] Even if Judge Hey had mistakenly cited the date of Brown's arrest, correction of that error would not produce a different outcome in the Court's adoption of the R&R. *See Ryan v. United States*, No. 4:10-CV-1425, 2010 WL 3516840, at *2 (M.D. Pa. Aug. 31, 2010), *aff'd*, 415 F. App'x 345 (3d Cir. 2011), *and aff'd*, 415 F. App'x 345 (3d Cir. 2011) ("Even in the event that Ryan is correct in his assertion that he is housed at the LSCI, rather than the FCI–Allenwood, this minor error does not disturb our adoption of Magistrate Judge Blewitt's R&R."); *see also United States v. Bullard*, No. 07-1535, 2007 WL 2597947, at *2 (E.D. Pa. Sept. 4, 2007) (holding that correction of a factual error in the court's order dismissing habeas petition did not produce a different outcome where the error did not impact the court's procedural and substantive reasons for dismissal).

[10] The court cannot ascertain whether Brown is referencing events that occurred in 2020 or 2021, or both.

[11] In her original habeas petition, Brown references a mental health evaluation that was scheduled for October 20, 2021. (*See* Doc. No. 1 at 3 ("Second appeal complicated; Disa caused alarms to fail for hear; in 5/28/2021; then again on 10/20/2021 for mental health evaluation. Contacted the Court for an appointment, but I was not contacted to schedule another appointment.").) And in the exhibits accompanying Brown's original habeas petition, there are two email threads dated October 20, 2021: one between Brown and Deborah Gavarone, Office Manager of the Diagnostics Department in the Delaware County Courthouse, and one between Brown and what appears to be "Centcom" or the Veterans Crisis Hotline. (*See* Doc. No. 1 at 10–15.) But it is unclear if Brown is referring to this email thread as the falsified documents pertaining to her arrest.

that date.   (*See generally* Doc. No. 13.)   Although the state court record reflects that a "Psychological and Competency Evaluation" was ordered on November 29, 2021 (*see* Brown Docket at 6), this evaluation is not an "arrest," nor is it a "contempt of court" charge.   Nevertheless, Brown did not raise the issue of a false arrest in November 2021 in her original habeas petition and she is unable to raise this issue here.   *See supra*.   This objection is overruled.

*Objection 4:*   Brown's fourth objection to Judge Hey's R&R is difficult to understand; she claims that the Court of Common Pleas of Delaware County had "no reason to have the Sheriff issue 'a post card'[12] for an arrest."   (Doc. No. 14 at 1.)   Again, Brown objection references facts that were not included in her original habeas petition or discussed in Judge Hey's R&R. This objection is overruled.

*Objection 5:*   Brown's fifth objection asserts that Judge Hey did not address previous violations of Brown's constitutional rights in past criminal matters, which were apparently raised by Brown in civil complaints dating back to March 2018.   (*See* Doc. No. 14 at 1.) But Brown is not permitted to raise claims related to any criminal proceeding other than the one that gave rise to this habeas petition.   *See* Loc. Civ. Pro. R. 9.3(B)(2)(b) ("The petitioner may only challenge one conviction in a single petition unless multiple cases were consolidated for trial and appeal. A separate petition is required to challenge additional convictions, even if they arose in the same jurisdiction.").   Therefore, any alleged constitutional violations in past criminal matters are immaterial to the current proceeding and would be improperly considered here.   This objection is overruled, as it is not only irrelevant to Brown's petition, but it also does not—once again— identify any legal or factual error in Judge Hey's R&R.

---

[12] The Court is uncertain as to Brown's reference to a "post card" in this context.   It is possible that Brown is referencing a *warrant* for her arrest, but it is unclear whether a warrant for Brown's arrest was ever issued in her underlying state court matter.

*Objection 6:*   Finally, Brown claims that her objections are "based upon Fourth and Fifth Amendment Rights violations" by unidentified employees of unnamed government agencies who violated the Clayton Act, Sherman Act, and "other trade agreements of the United States." (Doc. No. 14 at 1.)  Brown's objections on this basis are frivolous. *See Nash v. Dist. Atty. of Cnty. of Norristown*, No. CIV.A.08-1045, 2008 WL 659796, at *2 (E.D. Pa. Mar. 10, 2008) (a habeas petition is legally frivolous if the claims are "based on an indisputably meritless legal theory' or when it posits 'factual contentions that are clearly baseless").  Brown attempts to challenge her pretrial detention by "stitching together an unintelligible legal fabric" of United States Antitrust laws and trade agreements, which have no grounds for federal habeas corpus relief. *Lundy v. Brittain*, No. 1:22-CV-578, 2022 WL 2734408, at *1 (M.D. Pa. Apr. 22, 2022) (dismissing habeas petition that invoked the Uniform Commercial Code and bankruptcy laws); *see also Muhammad El Ali v. Vitti*, 218 F. App'x 161, 163 (3d Cir. 2007) (affirming dismissal of frivolous habeas petition that asserted foreclosure and fraud claims because the matter "did not come under the purview of any habeas corpus statute"); *Kingston v. Clark*, No. 1:121-CV-31, 2021 WL 1549659, at *2 (M.D. Pa. Apr. 20, 2021) (dismissing habeas petition with claims based on copyright infringement, maritime laws, and the Uniform Commercial Code).   This objection is overruled.

*   *   *

For the above-stated reasons, the Court concludes that Brown's objections to Judge Hey's R&R are overruled.

## C.   Judge Hey's R&R

Because Brown's objections do not "identify with specificity any legal or factual errors in the R&R," *Lee*, 798 F.3d at 162, the Court reviews Judge Hey's conclusions for clear error—and finds none.  Brown does not object to Judge Hey's finding that the petition, which complains of

"unauthorized use of her intellectual property in 2011, and that her arrest arose from an attempt to ask State Representative Zabel about injuries she sustained as a result," is frivolous and fails to raise a claim for relief. (Doc. No. 13 at 7.)  Although Judge Hey acknowledges that Brown's request to reinstate her petition is "somewhat more comprehensible, as she references an unlawful arrest, denial of a proper defense, and being held in a mental health facility for four months," Brown's primary focus remains her intellectual property claim. (*Id.*)  The Court agrees with Judge Hey that "none of these claims present constitutional challenges to her pending charges." (*Id.*)

Construing Brown's petition broadly, Judge Hey identifies a possible speedy trial claim, as Brown cites Pennsylvania Rule of Criminal Procedure 600[13] and mentions the fact more than a year has passed since the original pretrial conference. (*See id.* (citing Doc. 1-1 at 5).)  Judge Hey correctly concludes, however, that a violation of a state rule of criminal procedure does not provide a basis for federal habeas relief. (*See id.* at 7 (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).)  And to the extent Brown is arguing that she has been denied a speedy trial under the Sixth Amendment, Judge Hey also correctly notes that Brown failed to exhaust this claim in state court, which is a requirement for habeas relief. (*See id.* at 7–8 (citing *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975).)  Because petitioner has not exhausted her state law claims, "there is no basis

---

[13]

> Rule 600 provides that a criminal trial must generally commence within 365 days of the date on which the initial complaint was filed.  However, not every second of time that elapses between the filing of the complaint and the beginning of trial necessarily counts toward this 365–day limit.  For example, delay caused by a continuance granted at the defendant's request is excluded from this calculation.  The length of the exclusion is measured from the date on which the court grants the continuance to the date to which the trial is continued.  Further, delay attributable to the adjudication of pre-trial motions is excluded from the Rule 600 calculation, so long as the Commonwealth acts with due diligence in opposing the motions.

*Miller v. Klem*, 309 F. App'x 628, 630 (3d Cir. 2009) (internal citations omitted).

for this Court to interfere with the ongoing state prosecution."[14]  *Sleets v. Pennsylvania*, No. 16-930, 2017 WL 8683557, at *1 (E.D. Pa. Dec. 21, 2017).

In any event, Brown did not address Judge Hey's recommendation to dismiss the speedy trial claim in her objections.  (*See generally* Doc. No. 14.)  *See also Briley v. Holder*, No. 3:14-CV-0193, 2015 WL 926560, at *4 (W.D. Pa. Mar. 4, 2015) (citing *Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011)) (warning that failure to file objections to the contents of the magistrate judge's R&R will waive the right to appeal on those grounds).  Although the Court echoes Judge Hey's sympathy for Brown's apparent mental health issues, which "limit her ability to articulate her claims," (Doc. No. 13 at 8), Brown has failed to raise any objection to Judge Hey's R&R that might warrant a *de novo* review of her conclusions.  Finding no error in Judge Hey's analysis, the Court approves and adopts the R&R in its entirety.

## III.     MOTION TO ALTER OR AMEND JUDGMENT

### A.     Legal Standard

Federal Rule of Civil Procedure Rule 59(e) allows a party to move "to alter or amend a judgment."  Fed. R. Civ. P. 59(e).  Notably, Rule 59(e) motions in the habeas context do not qualify as successive habeas petitions; courts are to resolve 59(e) motions on the merits, treating them as

---

[14] While the statutory language does not explicitly require exhaustion for habeas proceedings under Section 2241, "an exhaustion requirement has developed through decisional law, applying principles of federalism." *Moore*, 515 F.2d at 442.  Before a district court may consider the merits of claims alleged in a Section 2241 habeas proceeding, the petitioner must have exhausted their state-court remedies.  *See Goode v. Russel*, No. 22-1320, 2022 WL 3018199, at *4 (E.D. Pa. July 29, 2022); *Muhammad v. Mack*, No. 19-CV-160, 2019 WL 3037925, at *2 (W.D. Pa. June 11, 2019) (the exhaustion requirement is equally necessary for petitions brought by pre-trial detainees).  "A [S]ection 2241 habeas petitioner must invoke one complete round of the state's established appellate review process to exhaust state remedies…the petitioner bears the burden of showing that all claims alleged have been fairly presented to the state courts, and it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." *Goode*, 2022 WL 3018199, at *4 (cleaned up). A pretrial detainee may pursue a Section 2241 petition without exhausting state remedies in "extraordinary circumstances, which might exist when there is a showing of delay, harassment, bad faith or other intentional activity on the part of the state." *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 n.2 (3d Cir. 2018).  No such extraordinary circumstances have been demonstrated here.

accompanying the initial habeas application.[15]  *See Banister*, 590 U.S. at 1708 ("Rule 59(e)

motions are not second or successive petitions, but instead a part of a prisoner's first habeas

proceeding.").  To that end, Rule 59(e) is not a mechanism to raise "new arguments or evidence

that the moving party could have raised before the decision issued."  *Id.* at 1703; *see also Andreozzi

v. Warden McKean FCI*, 828 F. App'x 141, 145 (3d Cir. 2020) (petitioner's new argument in Rule

59(e) motion did not provide basis for relief he because could have raised the argument before the

district court denied his habeas petition on the merits).  The scope of a Rule 59(e) motion is

extremely limited and may only be used to correct manifest errors of law or fact or to present newly

discovered evidence."  *Thornton-Bey v. Quay*, Civil Action No. 21-874, 2022 WL 1720361 at *1

(M.D. Pa. May 27, 2022) (denying habeas petitioner's Rule 59(e) motion where petitioner did not

present intervening change in law or additional facts to compel reconsideration of dismissal of

habeas petition).

   The standard for granting a Rule 59(e) motion in habeas cases is the same as that in non-

habeas civil cases: "A motion for reconsideration under 59(e) should be granted only where the

moving party shows that at least one of the following grounds is present: (1) an intervening change

in the controlling law; (2) the availability of new evidence that was not available when the court

made its initial decision; or (3) the need to correct a clear error of law or fact to prevent manifest

injustice."  *Pittman v. Kyler*, Civil Action No. 02-2825, 2020 WL 6200036 at *1 (E.D. Pa. October

22, 2020) (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d

Cir. 1999)) (cleaned up).  "Out of consideration for finality and judicial economy," courts should

---

[15]  The rules governing habeas petitions set out by the AEDPA seek to prevent continual challenges to convictions on account of "reducing delay, conserving judicial resources, and promoting finality." *Banister*, 590 U.S. at 1707.  The Supreme Court has found that permitting Rule 59(e) motions in habeas cases does not conflict with these goals, as there is a narrow window to ask for relief (28 days after the entry of judgment) and a petitioner may only request review of matters considered on the merits in the original judgment.  *Id.* at 1708.

grant motions for reconsideration "sparingly." *Hatcher v. SCM Grp. N. Am., Inc.*, 167 F. Supp. 3d 719, 728 (E.D. Pa. 2016) (internal citation omitted).

**B.     Brown's Motion**

In filing this motion, Brown seeks to "alter" the "judgment" entered by Judge Hey on January 9, 2023, when she issued the R&R recommending the dismissal of Brown's habeas petition. (*See generally* Doc. No. 15.) But a motion to alter judgment cannot be filed as to a magistrate judge's R&R because an R&R is not a final order. *See Schaeffer v. Wilson*, 240 F. App'x 974, 976 (3d Cir. 2007) ("Schaeffer filed his notice of appeal after a Magistrate Judge recommended that the District Court dismiss his complaint. The Magistrate Judge's report, however, is not a final, appealable order[.]"); *see also Stanley v. Tice*, No. 3:22-CV-1, 2022 WL 3372122, at *1 (W.D. Pa. July 13, 2022) (disposition of habeas petition became "final judgment" for purposes of Rule 59(e) when the district court denied the petition, denied a certification of appealability, and closed the case). In fact, the Third Circuit has held that a Rule 59(e) motion should not be used to challenge the findings and conclusions in an R&R, because petitioners are instead permitted to file objections. *See United States v. Jackson*, 802 F. App'x 50, 53 (3d Cir. 2020) ("At the outset, we observe that objections to a report and recommendation and a Rule 59(e) motion are fundamentally different....In short, objections and Rule 59(e) motions differ because they respond to different statements by courts: objections respond to magistrate judges' recommendations to district courts, while Rule 59(e) motions respond to final decisions by district courts."). Finally, the Local Rules governing this Court expressly state that although a magistrate judge has the power to "issue preliminary orders, conduct any necessary evidentiary hearing, and [] submit to a judge a report containing proposed findings of fact and recommendation for disposition of the petition by the judge," the power to issue an "order disposing of the petition,

however, may only be made by a judge." *See* Loc. Civ. Pro. R. 72.1(I)(b).  For these reasons, Brown's motion is improperly brought at this stage.

This procedural defect notwithstanding, Brown's motion is also substantively improper. By her own description, the motion contains "additional information in support of the Habeas Corpus dated 11/8/2021, resubmitted on 12/14/2022."  (Doc. No. 15 at 1.)  But as the Court has explained, a Rule 59(e) motion is not a vehicle for raising new arguments or evidence that could have been raised before the decision issued.  *See Banister*, 590 U.S. at 1708; *Andreozzi*, 828 F. App'x at 145.  Indeed, Brown asserts new claims regarding violations of her *Miranda* rights, wrongful arrest, and theft of intellectual property (*see* Doc. No. 15 at 1); she does not argue that there was a change in the controlling law, nor does she explain whether any of the new facts she raises in her motion were previously undiscoverable at the time of Judge Hey's review of her petition.  The only possible basis for reconsideration that the Court can discern is Brown's assertion that "PA Rule 600 in lieu of Speedy Trial was not considered."  (*Id.* at 2.)  To the contrary, Judge Hey *does* consider Brown's speedy trial claim, and spends significant effort not only elucidating that ground for relief, but also explaining the reasons for its dismissal.  (*See* Doc. No. 13 at 7–8.)  Brown does not articulate how Judge Hey's consideration of her speedy trial claim was erroneous, or how adopting Judge Hey's recommendation would result in a manifest injustice—at most, Brown's motion contain facial denials of her guilt in the underlying offense.  (*See* Doc. No. 15 at 1 ("Custody for an act done or omitted by an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States for political arrest for crimes she did not commit is an injustice….I never struck the officer.").)  But this is not sufficient to warrant reconsideration of Judge Hey's R&R or of Brown's petition. *See Howell v. Superintendent Albion SCI*, 978 F.3d 54,

59 (3d Cir. 2020) (requiring petitioner to present new and reliable evidence to establish actual innocence).  Accordingly, Brown's motion is denied.

## IV.    CONCLUSION

For the foregoing reasons, upon consideration of Brown's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and Brown's Motion to Alter Judgment (Doc. No. 15), this Court overrules Brown's objections, adopts the R&R in its entirety, denies Brown's petition, and denies Brown's motion.  An appropriate Order follows.